[Cite as *State v. Carrington*, 2012-Ohio-4717.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97769**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## ANTWON CARRINGTON

DEFENDANT-APPELLANT

## JUDGMENT:
## AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-549438

**BEFORE:**   Kilbane, J., Celebrezze, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:**   October 11, 2012

**ATTORNEY FOR APPELLANT**

Ryan J. Bokoch
Law Offices of Ryan J. Bokoch, LLC
4791 Memphis Avenue
Cleveland, Ohio 44144

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Ma'rion D. Horhn
Assistant County Prosecutor
The Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} This appeal is a companion case arising out of the same events as contained in *State v. Parker,* 8th Dist. No. 97841.

{¶2} Defendant-appellant, Antwon Carrington ("Carrington"), appeals his sentence. Finding no merit to the appeal, we affirm.

{¶3} In May 2011, Carrington and two codefendants, Corey Parker ("Parker") and Emmanuel Scott ("Scott"), were charged in an 11-count indictment resulting from the robbery of a pet store in Cleveland. Count 1 charged Carrington with aggravated robbery. Count 2 charged him with aggravated burglary. Counts 3-5 charged him with kidnapping. Counts 6-8 charged him with felonious assault.[1] Count 9 charged him with carrying a concealed weapon, and Count 11 charged him with theft.

{¶4} In September 2011, codefendants, Parker and Scott, pled guilty. Carrington proceeded to a jury trial on October 31, 2011. On November 2, 2011, before the jury was empaneled and testimony commenced, Carrington accepted a plea agreement. Pursuant to this agreement, Carrington pled guilty to an amended count of felonious assault, without the firearm specifications. The remaining counts were nolled. Carrington was referred to the probation department for a presentence investigation and report. The matter proceeded to sentencing on November 30, 2011, at which the trial

---

[1] Each of Counts 1-8 carried one- and three-year firearm specifications.

court sentenced Carrington to eight years in prison.

{¶5}   It is from this order that Carrington appeals, raising the following two assignments of error for review.

ASSIGNMENT OF ERROR ONE

The trial court erred by failing to apply the purposes of felony sentencing pursuant to [House Bill 86.]

ASSIGNMENT OF ERROR TWO

The trial court erred by imposing a maximum sentence on [Carrington.]

{¶6}   The General Assembly, through the enactment of House Bill 86 ("H.B. 86"), recently amended Ohio's sentencing statutes.  Because H.B. 86 became effective on September 30, 2011, and Carrington was sentenced on November 30, 2011, the trial court was required to sentence him under the new provisions.

{¶7}   In reviewing a felony sentence, we take note of R.C. 2953.08(G)(2), which provides in pertinent part:

> The court hearing an appeal * * * shall review the record, including the findings underlying the sentence or modification given by the sentencing court.
>
> The appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing.  The appellate court's standard for review is not whether the sentencing court abused its discretion.  The appellate court may take any action authorized by this division if it clearly and convincingly finds either of the following:
>
> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law.

{¶8}    In addition, a sentence imposed for a felony shall be reasonably calculated to achieve the two overriding purposes of felony sentencing set forth in R.C. 2929.11: (1) "to protect the public from future crime by the offender and others" and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes." *Id.* at (A).   The sentence imposed shall also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."   R.C. 2929.11(B).   Furthermore, R.C. 2929.12 provides a nonexhaustive list of factors a trial court must consider when determining the seriousness of the offense and the likelihood that the offender will commit future offenses.

{¶9}    Carrington argues that the trial court failed to consider the purposes of R.C. 2929.11 when it did not address the issue of "minimum sanctions without imposing unnecessary burden."   He further argues that the trial court abused its discretion when it failed to consider the factors in R.C. 2929.11 and 2929.12 and imposed a maximum sentence of eight years in prison.   We disagree.

{¶10} The trial court in the instant case properly considered all required factors and found that Carrington's sentence is consistent with the purposes of R.C. 2929.11.   At the sentencing hearing, the court stated that it considered the principles and purposes of felony sentencing, the statutes, and the appropriate recidivism and seriousness factors. Carrington was 20 years old at the time of the robbery.   The court noted that the robbery

was extremely dangerous and serious, and it could have ended with the loss of life. The entire robbery was recorded on video. The video captures Carrington entering the pet store with Parker and Scott. Carrington points to Scott, telling him what items to take from the store. Scott then goes to the back of the store to locate the victims, with a gun in his hand. Scott fired shots and the store owner fired back, shooting Scott. Carrington then took money from the cash register and ran out of the pet store. Carrington also took the gun that was used in the robbery. He refused to give detectives any information regarding the location of the gun and the whereabouts of the money.

{¶11} Additionally, the trial court considered the harm suffered by the victims and that the offense was committed as part of organized criminal activity. The court further considered the risk assessment tool, which was completed as part of the presentence investigation ordered by the trial court. This assessment considered Carrington's criminal history, education, employment, financial situation, family and social support, neighborhood problems, substance abuse, peer associations, criminal attitudes, and behavioral problems. The risk assessment concluded that Carrington was at "high risk" to reoffend. Having clearly delineated its considerations when imposing Carrington's sentence, we find that the trial court properly complied with the mandates of H.B. 86.

{¶12} Accordingly, the first and second assignments of error are overruled.

{¶13} Judgment is affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

It is ordered that a special mandate issue out of this court directing the common

pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY EILEEN KILBANE, JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
SEAN C. GALLAGHER, J., CONCUR